UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RSUI INDEMNITY COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| McDONOUGH DISTRICT HOSPITAL d/b/a McDONOUGH COUNTY HOSPITAL DISTRICT, and WOMEN'S HEALTH CENTER OF MACOMB, S.C., | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 4:16-cv-04177-SLD-JEH

## ORDER

Before the Court are Plaintiff RSUI Indemnity Company's ("RSUI") motion for judgment on the pleadings, ECF No. 18, and Defendant McDonough District Hospital's ("McDonough") cross-motion for judgment on the pleadings, ECF No. 22. For the following reasons, RSUI's motion is GRANTED and McDonough's DENIED.

## BACKGROUND[1]

RSUI, a New Hampshire insurance company with its principal place of business in the state of Georgia, filed suit under the Court's diversity jurisdiction against its insured, McDonough, a hospital incorporated and based in Illinois, and against the Women's Health Center of Macomb ("the Women's Health Center"), also an Illinois corporation based in Illinois. RSUI insures McDonough against various forms of litigation-related liability up to $10,000,000, and seeks a declaratory judgment from this Court that its insurance policy does not obligate it to

---

[1] Unless otherwise noted, the facts related here are taken from those allegations in RSUI's complaint, ECF No. 1, that McDonough has admitted without qualification in its Answer, ECF No. 8.

1

(I) defend, Compl. 7–8, ECF No. 1, or (II) indemnify, *id.* at 8, McDonough in a lawsuit the Women's Health Center filed against McDonough.

This underlying suit was filed on April 6, 2016, in Illinois Circuit Court. *See* Ill. Compl., Compl. Ex. 2, ECF No. 1-2. The suit named as defendants both McDonough and a Dr. Tamara Leonas, a former employee of the Women's Health Center. The Women's Health Center alleged that it hired Leonas on January 1, 2013, *id.* at 1, and that she agreed not to compete with her employer for two years after the end of her job by working in similar employment within 25 miles. *Id.* at 2; *see* Leonas Contract ¶ 4.06, Ill. Compl. Ex. 1, ECF No. 1-2. However, the complaint goes on to say, Leonas left her job in December of 2014 and began working the next month at McDonough, in violation of the agreement not to compete. Ill. Compl. 2. The Women's Health Center brought (I) a breach of contract claim against Leonas, *id.* at 1–3; (II) in the alternative, a petition for a declaratory judgment affirming the validity of the contract, *id.* at 3; (III) a claim for intentional interference with a contract relationship against McDonough, *id.* at 4; and (IV) a conspiracy claim against both McDonough and Leonas, alleging that the two parties conspired to breach the contract, *id.* at 4–5. McDonough is alleged to have approached Leonas about switching jobs, and to have done so with full knowledge of her employment contract with the Women's Health Center, and of her agreement not to compete. *Id.* at 4.

On April 26, 2016, McDonough filed a claim under its insurance policy with RSUI, seeking coverage for the lawsuit the Women's Health Center had filed against it. On May 5, 2016, RSUI wrote a letter back (apparently sent on May 6). *See* RSUI Letters, Compl. Ex. 3, ECF No. 1-3. The letter refused to cover the claim because, RSUI said, an exclusion to coverage applied. The relevant exclusion from the policy, cited in full in the letter, reads:

> The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured: . . . .
>
> Alleging, arising out of, based upon or attributable to, in whole or in part, any liability under or pursuant to any contract or agreement, whether oral, written, express or implied, including the liability of others assumed by an Insured, unless such Insured would have been liable in the absence of such contract or agreement; provided, this EXCLUSION shall not apply to Defense Expenses in connection with an Employment Practices Claim[.]

Policy 6–7, Compl. Ex. 1, ECF No. 1-1 (emphases omitted); *see also* May 5, 2016 Letter 3. RSUI asked McDonough to withdraw its request for coverage and agree that the claim was not covered by the policy. McDonough refused; RSUI filed this lawsuit. RSUI moved for judgment on the pleadings, and, in responding, McDonough did the same.

## DISCUSSION

### I. Legal Standard on a Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motion for judgment on the pleadings will be granted when the movant shows that no material issue of fact is disputed, and that he is entitled to judgment as a matter of law. *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987); *see Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) ("Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion.").

### II. Analysis

McDonough's Answer, ECF No. 8, admitted all of the Complaint's factual allegations, denying only paragraphs 30–33, which contained legal conclusions, and denying legal conclusions contained in the claims for relief. Both parties agree that the case is ripe for

judgment on the pleadings, and that the issue turns on whether the exclusion RSUI cited in its letter does indeed exclude coverage for lawsuits of the kind brought by the Women's Health Center. Furthermore, the parties also (correctly) agree that the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, authorizes the Court to declare the rights of the parties under the policy, and, specifically, to determine whether or not the exclusion exempts RSUI from having to cover McDonough. *See also* Fed. R. Civ. P. 57.

Both parties proceed on the assumption that Illinois rules of contract interpretation apply to the insurance policy. *See* Mem. Supp. Mot. J. Pleadings 7, ECF No. 19; Mem. Supp. Resp. and Mot. J. Pleadings 3, ECF No. 23. The policy itself does not appear to have a choice of law provision. *See* Policy 16–19. Therefore, Illinois rules of contract interpretation do apply. *See In re Jafari*, 569 F.3d 644, 648 (7th Cir. 2009) ("When a federal court sits in diversity, it generally applies the choice-of-law rules of the state in which it sits."); *Lapham–Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 845 (Ill. 1995) (explaining that under Illinois choice-of-law rules, if an insurance contract does not contain a choice-of-law provision, the law of the state where the policy was issued or where the insured is domiciled generally governs).

Under Illinois law, it is the insurer's burden to show that a particular exclusion to coverage applies. *Addison Ins. Co. v. Fay*, 905 N.E.2d 747, 752 (Ill. 2009). "Illinois courts will liberally construe any doubts as to coverage in favor of the insured, especially when the insurer seeks to avoid coverage based on an exclusion to the policy." *Johnson Press of Am., Inc. v. N. Ins. Co. of New York*, 791 N.E.2d 1291, 1298 (Ill. App. Ct. 2003). "Furthermore, if the insurer relies on an exclusionary provision, it must be 'clear and free from doubt' that the policy's exclusion prevents coverage." *Atl. Mut. Ins. Co. v. Am. Acad. of Orthopaedic Surgeons*, 734

N.E.2d 50, 56 (Ill. App. Ct. 2000) (quoting *Bituminous Casualty Corp. v. Fulkerson*, 571 N.E.2d 256 (Ill. App. Ct. 1991)).

When an insurer's obligation to defend its insured against a lawsuit is at issue, the reviewing court compares the allegations in the underlying complaint to the relevant portions of the insurance policy, because the insurer's obligation to defend or indemnify is typically triggered by the filing of the complaint. *Outboard Marine Corp. v. Liberty Mutual Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). "If the underlying complaints allege facts within or *potentially* within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent." *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991). "Moreover, if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy." *Id*.

Here, there are two questions: first, whether, by its terms, the RSUI exclusion applies to the underlying complaint; and, if it does, whether the underlying complaint nonetheless articulates a theory of liability to which the exclusion does *not* apply—that is to say, whether the underlying complaint nonetheless falls within the coverage of the policy because the underlying facts are "potentially" within coverage of the policy. *Wilkin Insulation*, 578 N.E.2d at 930.

The answer to the first question is yes. Stripped of its many, many thesauric parallelisms, the exclusion discloses an unexpected core of legible meaning. What does the exclusion say? Basically, that the policy doesn't cover losses arising from contracts: "The Insurer shall not be liable for Loss in connection with any Claim . . . against . . . [an] Insured . . . based upon or attributable to . . . liability under . . . any contract . . . unless . . . [the] Insured would have been liable in the absence of such contract . . . ." Policy 7. Rephrased: if a claim is "based upon or

5

attributable to" a contract, the insurer does not have to cover it, unless the claim would have stood on its own in the contract's absence. Notably, by the exclusion's terms, it does not matter who the parties to the contract are, and thus, whether or not the insured is a party to the liability-producing contract is not dispositive of whether the exclusion applies. The claim just has to be based on or attributable to a contract.[2]

Both of the claims against McDonough turn out to be based on or attributable to the contract the Women's Health Center had with Leonas. The claims against McDonough are for conspiracy to breach a contract, and for intentional interference with a contract. The claim for conspiracy to breach a contract is clearly based upon and attributable to Leonas's liability under the contract. Indeed, one imagines that breach of contract is the paradigmatic claim that the clause at issue in the insurance policy seeks to exclude. As to the interference claim, intentional interference with a contract in Illinois requires: "(1) the existence of a valid and enforceable contract between plaintiff and a third person; (2) defendant's knowledge of the existing contract; (3) defendant's intentional and malicious inducement of the breach; (4) a subsequent breach by a third person; and (5) damage to the plaintiff." *Kraft Chem. Co. v. Illinois Bell Tel. Co.*, 608 N.E.2d 243, 247 (Ill. App. Ct. 1992). An Illinois claim for intentional interference with contract, like the one the Women's Health Center brought, therefore necessarily contains allegations that the defendant knew about a third party's contractual liability and interfered with that contract. Such a claim is directly attributable to liability under a contract, and falls without ambiguity into the exclusion in the policy.

---

[2] Note that "Loss," as defined by the policy, includes "damages . . . settlements, judgments . . . and Defense Expenses." According to the policy, the insurer is obligated to pay all losses suffered by an insured as a result of a claim. *See* Policy 3. The insurer also has the right and duty to defend any claim against the insured "for which coverage applies under the policy." *Id.* at 7–8. Therefore, the policy triggers a duty on the part of the insurer, RSUI, both to defend and to indemnify the loss its insured, McDonough, experiences as a result of the underlying claim in this case, unless the exclusion applies. In that case RSUI is not obligated to indemnify McDonough and, because under those circumstances coverage does not apply under the policy, RSUI is also not obligated to defend it.

Because insurance policy exclusions are interpreted narrowly, in a manner favorable to policyholders, it must be "clear and free from doubt," *Orthopaedic Surgeons*, 734 N.E.2d at 56, that a policy exclusion applies. For this reason, federal courts ruling on Illinois insurance contracts have interpreted similar language (excluding coverage for claims "resulting from" certain kinds of legal violation) to require the excluded event or claim to be the but-for cause of the claim the insurer seeks to avoid covering. *See Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 348 (7th Cir. 2010) ("[U]nless a slogan infringement claim would not have arisen but for the trade dress violation claim . . . we cannot find that the exclusion for trade dress claims excuses [the insurer] from a duty to defend the underlying action."); *Axiom Ins. Managers, LLC v. Capitol Specialty Ins. Corp.*, 876 F. Supp. 2d 1005, 1016 (N.D. Ill. 2012) ("[T]he Seventh Circuit has construed 'results from' language in an exclusion as requiring that the underlying claim 'not have arisen but for' the excluded type of claim or the underlying claim 'necessarily arises from' the excluded misconduct." (quoting *Santa's Best Craft*)). Here, Leonas's alleged liability under her employment contract is the but-for cause of the conspiracy to breach contract and the interference claims against McDonough. Absent that contract and Leonas's liability under it, the Woman's Health Center's two claims against McDonough would not exist, because that contract's existence is elemental to both claims.

The exclusion also contains an exception: it does not apply if "[the] Insured would have been liable in the absence of such contract." Policy 7. But that is just another way of rephrasing the Seventh Circuit's restrictive interpretation of policy exclusions to require but-for causation of the excluded claim by the excluded ground. Because McDonough would not have been liable but for the alleged contract, it would not have been liable in the absence of that contract. The exception contained in the exclusion therefore does not apply.

7

Finally, the Women's Health Center articulates no theory of liability against McDonough that does not depend upon the existence of the contract. Therefore, it is clear and free from doubt that the exclusion covers the claim against McDonough. RSUI has carried its burden to show as much.

McDonough makes two main arguments in response. Neither is availing.

The first argument is that the policy's exclusion is only meant to apply to suits based on contracts that McDonough was a party to. Mem. Supp. Resp. and Mot. J. Pleadings 4, ECF No. 22. But the contract, by its terms, applies to *any* claim based upon liability under *any* contract. The Court will not read into this expansive language a limiting clause that is not there.

Second, McDonough argues that the exception to the exclusion applies because the Women's Health Center's allegations against McDonough would support other and further claims than the ones the Women's Health Center actually brought, ones not based on a breach of contract theory but rather (McDonough implies) some kind of antitrust claim or other non-contract based tortious interference claim. *Id.* at 9–11. But as RSUI observes, although insurers have the burden to show that an exclusion applies, the burden to show that an exception to an exclusion applies rests with the insured. *Santa's Best Craft*, 611 F.3d at 347; *see* Resp. Cross-Mot. 6, ECF No. 25. The exception to the exclusion would swallow the exclusion itself if the exception meant that the exclusion only applied when facts alleged in an underlying complaint could support no conceivable other claims against an insured. The question must be, rather, whether it is apparent from the face of the underlying complaint that, even in the absence of the excluded claims brought against the insured, "such Insured would have been liable." Policy 7. The best way of showing this would, of course, be the presence of other, separate, pleaded claims sounding in tort, or on some other theory. Absent such other claims, McDonough would have to

carry its burden by showing some clear path to liability separate from the contract claims. Instead, however, McDonough simply asserts that the Women's Health Center's suit "contains allegations well beyond the four corners of any purported contract," Resp. and Cross-Mot. 10, without expanding on what those allegations might be, or how they operate to create an allegation against McDonough that the Women's Health Center, for whatever reason, elected not to bring.

## CONCLUSION

Accordingly, Plaintiff's motion for judgment on the pleadings, ECF No. 18, is GRANTED, and Defendant's cross-motion for judgment on the pleadings, ECF No. 22, DENIED. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and as alleged in the Complaint, ECF No. 1, in Counts I–II, Plaintiff RSUI Indemnity Company has no duty to defend or indemnify Defendant McDonough District Hospital, d/b/a McDonough County Hospital District, against the claim in the underlying lawsuit filed against Defendant McDonough by Defendant Women's Health Center of Macomb, S.C. Plaintiff has no duty to defend or indemnify because the exclusion in section IV.11 of the insurance policy it issued to Defendant McDonough applies to exclude coverage. The Clerk is directed to enter judgment and close the case.

Entered this 28th day of September, 2017.

                                                             s/ Sara Darrow
                                                          SARA DARROW
                                        UNITED STATES DISTRICT JUDGE